BALTIMORE CITY PASS. R. CO., (THOMP-
SON v.)  See Case No. 13,941.

## Case No. 828.

### In re BALTIMORE COUNTY DAIRY ASS'N.

[2 Hughes, (1877,) 250;[1] 11 N. B. R. 253.]

District Court, D. Maryland.

BANKRUPTCY—CORPORATION — MOTION BY STOCK-
HOLDER TO SET ASIDE DECREE—LACHES.

[The correctness of a decree declaring a cor-
poration bankrupt upon its voluntary petition
cannot be impeached, after the lapse of a year,
by a stockholder who had full knowledge of
all the facts.]

[Cited in Re Collateral Loan & Sav. Bank,
Case No. 2,997. Followed in Re Jefferson
Ins. Co., Id. 7,253.]

[In bankruptcy. In the matter of the Bal-
timore County Dairy Association. This as-
sociation was heretofore adjudged bankrupt
in this court upon its voluntary petition.
Heard on motion by Frank L. Morling to set
aside the decree. Denied.]

L. P. D. Newman, for Morling.
Wm. Wirt Robinson, for respondent.

GILES, District Judge. It appears by the
papers in this case that the original petition
to have the said association adjudged bank-
rupt, etc., was filed in this court on the 17th
of September, 1870, and that the same was
referred to the proper register, who, on the
30th of said month, adjudged the said asso-
ciation to be bankrupt. The petition now
filed sets forth "the petition of Frank L.
Morling, a resident of Hookstown, in Balti-
more county, in the state of Maryland, re-
spectfully represents unto your honor, that
he was one of the corporators of the Balti-
more County Dairy Association, duly incorpo-
rated by the general assembly of Maryland,
in the year 1866, chapters 123 and 124,
named in the above entitled cause, long be-
fore the petition was filed to have the same
adjudicated a bankrupt; that at the time of
filing the same he was a corporator thereof,
and ever since has been, and is now a cor-
porator; he owns thirty shares of the cap-
ital stock of said association, of the par value
of three thousand dollars; that the proceed-
ings in said cause show that one W. F. Fun-
denburg, professing to act as secretary of
said association, caused to be filed a petition
in this honorable court praying that said as-
sociation might be declared and adjudicated
a bankrupt upon his petition, as such officer
of said association. Your petitioner further
shows that he is advised, and verily believes,
that the act of said Fundenburg, as secre-
tary, in filing the petition aforesaid, whereby
said association was declared and adjudged
a bankrupt, was and is wholly illegal and
without warrant, under the provisions of 'An
act to establish a uniform system of bank-

ruptcy throughout the United States,' ap-
proved March 2d, 1867, [14 Stat. 517,] and
a fraud upon the rights of your petitioner,
in that Fundenburg was not duly author-
ized, by a vote of a majority of the cor-
porators of said association, at any legal
meeting called for the purpose, to prefer
the petition, no such meeting ever having
been called for that purpose. Wherefore,
your petitioner prays that the petition here-
tofore filed by said W. F. Fundenburg, in the
above-entitled cause, may be dismissed with
costs to said petitioner, and for such other
and further relief as the nature of the case
may require."

The answer of the secretary of said associ-
ation avers and declares "that he denies all
the allegations of the said petition, except as
to the fact that the said F. L. Morling is a
stockholder in said Baltimore County Dairy
Association, of which he knows nothing;
and avers and declares that all the provi-
sions of the act entitled 'An act to establish
a uniform system of bankruptcy throughout
the United States,' approved March 2d, 1867,
were fully complied with by said association,
in conferring upon your respondent, as its sec-
retary, the authority made necessary by the
said act, to prefer the said alleged petition
on the 17th day of September, 1870, asking
this honorable court to adjudge and declare
said association bankrupt; and that said as-
sociation was duly, legally, and properly so
adjudicated by this honorable court, on a
date which will appear by the records there-
of. That even if the allegations of the said
petition were true, which your respondent de-
nies, it is now too late for said petitioner to
ask this honorable court to set aside said
proceedings, for the reason that said peti-
tioner was fully cognizant of his own knowl-
edge, and by information from others, of the
action of said association in the premises, of
the preferring of said petition, but made no
objection thereto at the time of the filing
thereof; nor at any time anterior to the date of
the said adjudication, nor subsequently there-
to up to the time of the filing of his petition,
did he ever appear in this honorable court
and show cause why the said association
should not be adjudged bankrupt, and the
usual proceedings taken on such adjudica-
tion."

Before the hearing on this motion the fol-
lowing statement of facts was filed: It is
admitted in this case that the petition filed
in this cause, on the 17th of September, 1870,
by W. F. Fundenburg, was upon the direc-
tion of a meeting of the directors of the said
Baltimore County Dairy Association, and not
upon that of a majority of the stockholders
of the said association. And it is further
admitted that the petitioner, Morling, had
due legal notice of the fact of the said pe-
tition, of the adjudication in bankruptcy, of
the call for the meeting of creditors to ap-
point assignees, and of their subsequent ap-
pointment and proceedings to collect and set-

[1] [Reported by Hon. Robert W. Hughes, Dis-
trict Judge, and here reprinted by permission.]

tle the estate of the said bankrupt. And also that the said petitioner, Morling, was at the time of filing the petition in bankruptcy, and still is, a stockholder, and claims to have been at such time, and now, a creditor of said association.

GILES, District Judge. It appears by the bankrupt papers on file in this court, that on the 17th of September, 1870, the said association was largely insolvent; indeed, this is not denied by the counsel for the petitioner. It also appears that the resolution of the directors of the said association, authorizing their clerk to file the original petition in bankruptcy, was passed by a majority of the directors at a meeting duly and legally called for that purpose. Under this state of facts, this court is now called upon, in a petition filed on the 9th of September, 1871, to set aside the decree in bankruptcy in this case. And this after nearly a year has elapsed since its adjudication, with full knowledge on the part of the petitioner; and when, too, the estate has been partially administered by the assignees. No reason is assigned by the petitioner for his delay in bringing his objections before the cou. And while no good could be accomplished by setting aside these proceedings, much harm might acrue to the general creditors by the issuing of attachments by those who may have obtained judgments against the said association. I do not think that any court has ever set aside a judgment or decree under similar circumstances. The old maxim, "Vigilantibus, non dormientibus, leges subservient," will well apply here. In the case In re Lady Bryan Min. Co. [Case No. 7,978,] it does not appear from the report of the case at what time the motion to vacate the order adjudging the company bankrupt was made. I presume it was made shortly after the order was passed, as it was made by a creditor having a lien by attachment, which would have been dissolved if the order had been permitted to stand.

In dismissing this petition, I do not wish to be considered as deciding that the original petition was regular and according to law. The form No. 3, as adopted by the justices of the supreme court, in exercising the power vested in them by the 10th section of the bankrupt act, certainly justifies the inference that they supposed this was a matter of procedure which they had authority to regulate. On the 16th of May, 1867, the supreme court passed the following order: "Ordered, that certain rules and forms of proceedings in bankruptcy have been framed and adopted by the court, in pursuance of the act of congress approved March 2d, 1867, and the same are promulgated as such." Among these, rule 32 reads thus: "The several forms specified in the schedules annexed to these orders for the several purposes therein stated, shall be observed and used, with such alterations as may be necessary to suit the circumstances of any particular case." And form No. 3, in the schedules annexed in said orders, is in these words:

"Corporation Petition.

"Statement to accompany petition of corporation (in bankruptcy).

"At a meeting of the stockholders (or, of the board of directors or trustees, as the case may be) of the —— company (or association, or bank, or society), a corporation created by —— of the state of ——, held at —— in the county of ——, and state of ——, on this —— day of ——, A. D. 18—, the condition of the affairs of said corporation having been inquired into, and being ascertained to the satisfaction of said meeting that the said corporation was insolvent, and that its affairs ought to be wound up, it was voted (or resolved) by a majority of the corporators (or stockholders, or directors, or trustees) present at such meeting (which was duly called and notified for the purpose of taking such action upon the subject aforesaid), that —— be and —— hereby —— authorized, empowered, and required to file a petition in the district court of the United States, for the —— district of ——, within which said corporation has carried on its business, for the purpose of having the same adjudged bankrupt; and that such proceedings be had thereon as are provided by the act of congress, entitled 'An act to establish a uniform system of bankruptcy throughout the United States,' approved March 2d, 1867. In witness hereof, I have hereunto subscribed my name as president (or other officer or agent) of said corporation, and affixed the { Seal of Corporation. } seal of the same this —— day of ——, A. D 18—.

"President (or other officer) of said corporation."

And the counsel who framed the original petition in this case, and the register who acted on it, deemed they were strictly complying with the bankrupt law, in the mode and manner marked out by the supreme court.

Whether they did so or not I am not compelled now to decide, as a stockholder with full knowledge of all the facts, who remains silent for nearly a year after the adjudication in bankruptcy, will not be heard to impeach its correctness. The supreme court in the case of Zabriskie v. Cleveland, C. & C. R. Co., 23 How. [64 U. S.] 398, say (quoting approvingly the decisions in Ohio), "the supreme court of Ohio have recognized the obligation of corporators to be prompt and vigilant in the exposure of illegality or abuse in the employment of their corporate powers, and has denied assistance to those who have waited till the evil has been done, and the interest of innocent parties has become involved."

Upon this principle, so clearly enunciated, I dismiss the petition filed to vacate the proceedings in this case; the costs to be paid by the petitioner.